Avery v. Wilson.

Affirmed.

---

## AVERY v. WILSON.

1. **Continuance: DISCRETION.** The action of the court below in overruling a motion for a continuance, will not be disturbed where no abuse of discretion is shown.

2. Amendment: VARIANCE. The allowance of an amendment permitting the plaintiff on the trial, to obviate the effect of a variance in the date of a note as set out in a copy attached to the petition, from that in the note as introduced in evidence, is not erroneous.

*Appeal from Jasper District Court.*

THURSDAY, APRIL 8.

PRACTICE: CONTINUANCE: AMENDMENTS: MORTGAGE FORE-CLOSURE. — Defendant appeals.

*Winslow & Wilson* for the appellant.

*Seevers & Cutts* for the appellee.

DILLON, Ch. J. — In the disposition of this appeal, we confine ourselves to the question presented by the bill of exceptions: First, did the court err in refusing to continue the cause on the defendant's application? We think not. No reason was shown why the witnesses, who, it was stated, resided in Boone county, had not been subpœnaed to attend; besides, the specific facts expected to be proved · by them were, in part, not stated with sufficient certainty, and other portions of the record showed that there were other witnesses who knew the facts which the appellant sought a continuance to establish.

<span style="margin-left:2em">1. CONTINU-ANCE: dis-cretion.</span>

Not only does the record fail to show any abuse of discretion on the part of the court below, but it affirmatively shows that this discretion was properly exercised. The question presented has been often ruled, and it is not necessary to elaborate it.

Second, did the court err in permitting the plaintiff to amend during the trial? That it did not, will be obvious by a statement of the facts. One of the notes secured by the mortgage was dated Nov. 10,

<span style="margin-left:2em">2. AMEND-MENT: variance.</span>

1866, and was payable thirty-six days from date, that is, it became due on the 16th day of December, 1866.

The note was copied in full in the petition, and so was the mortgage. But in copying the latter the word "Sept." was by mistake written in the place of the word "'Decr." in stating the time when the note fell due. For this variance the defendant objected to the introduction of the mortgage in evidence, the court sustained the objection, but allowed the plaintiff to obviate the effect thereof by making the proper amendment.

The error was obviously clerical, and apparent on the face of the instrument, as the note purported to be due at a time prior to its date, and was self corrected by the note itself, which was truly copied. Besides, how the defendant was prejudiced by this action was not satisfactorily shown to the court below, nor to this court.

The judgment below must be affirmed, but we deny appellee's motion for damages based on the alleged ground that the appeal was merely for delay.

Affirmed.